## PENROSE'S LESSEE v. JOHN DICKENSON, Esquire, et al.

Court of Common Pleas.   Kent.   November 9, 1794.

*Wilson's Red Book, 53.*

*Ridgely* for defendant.   We have proved possession in the grantor before the deed, of the grantee afterwards, and possession always since, and insist upon the case of *Sander's Lessee v. Cannon* and the same arguments.   The argument of the commencement of the action was not then used.   This cause was not at issue until last term, which is a greater time than in that case.   Not necessary to urge the argument of presumption used there;   Acts of Parliament and common recovery have been presumed.

*Bayard* in reply.   That case was not like this; that stood upon other grounds than that of its antiquity ; that was a deposition of a dead man.   The justice of peace was dead, and we could not have his evidence (strange!), the party then could do no more than he had done; but in this case where are the witnesses to this deed, in that there was no witness to the deposition.   Show these witnesses are dead.   It is true the distinction of the commencing of the action was not then taken but what passes *sub silentio* is not to be used as an argument, for the court's attention was not called to it.   The date of this deed must have reference to the date of the issue.   As the deed was not recorded with-

in the time mentioned in the Act, it will receive no validity by any thing done in pursuance of the Act.

The Court stopped him, and said they had made up their minds upon the subject. The deed was read.

*N.B.* Mr. Bassett, formerly of counsel, did not sit.

Defendant offered the record book of a deed never regularly proved nor acknowledged, bearing date May 29, 1759, from Isaac Deborah.

*Clark* for plaintiff. This is a copy, the original not proved.

*Miller* for defendant. Nearly eleven years after the date of this deed, was this deed certified by the prothonotary that the handwriting of the grantor was proved. In *Pekah's Lessee v. Haughy* in the Circuit Court a copy of a deed certified by a recorder of a county in Maryland was offered in evidence which had been recorded fourteen years after the signing (there was proof of possession and so there is here), dated 1748, recorded 1762, and not proved at all.

*Ridgely,* on the same side. This deed was made May 29, 1759, and proved, as we say, February 16, 1770. This circumstance of the probate, together with the proof of possession, shows there was no design, and are sufficient. Payment of a mortgage has been presumed, so has a surrender, and livery and seisin, Gilb. Evid. 125. *Inspeximus* of a deed not necessary to be enrolled is not evidence, but otherwise if ancient, upon this case did the circuit court frame their determination.

*Bayard* in reply. If the original deed itself was produced, dated in 1759, or if the copy of that date, I should not object. (*Ridgely* interrupts and says the date of the certificate in *Pekah's* case was 1793). This is a copy and not within the Act of Assembly [1 Del.Laws 220], not being within the year, and is no more than a copy taken by any third person. The certificate to it is no more than if made by a third person. This is a copy. Then, is it an ancient copy? Is it thirty years old? The proof of possession is equivocal, for possession is insufficient in itself, as where [there is] a remainderman.